[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner originally filed a pro se petition for a writ of habeas corpus on February 18, 2000 claiming ineffective assistance by his appellate counsel, Louis Avitable, Esq. Thereafter, Attorney Donald Cretella, Jr. was appointed to represent the petitioner. On July 19, 2000, Mr. Cretella filed an amended petition alleging ineffective representation in two respects. First he claimed that Mr. Avitable "violated the Rules of Professional Conduct 1.4, Communication, by not communicating or discussing appellate trial strategy with the petitioner," and second, "that appellate counsel failed to heed the advice of the petitioner in terms of witnesses and/or evidence that were exculpatory in nature." The petition was assigned for hearing before the undersigned on March 7, 2002, and on that day counsel filed an "amendment CT Page 3014 of the amended petition" adding four additional bases for the claim of ineffective assistance of appellate counsel. In summary, these various claims are that had appellate counsel consulted with the petitioner before filing his appellate brief the petitioner would have added "insight" to appellate issues, and specifically would have made suggestions on how to "properly raise and argue" three alleged errors by the trial court. The alleged errors by the trial court, all of which were in fact raised in the appellate brief and argued before the Supreme Court, were in allowing the petitioner and the co-defendant to be tried together, in denying the motion to suppress a pre-trial photo identification by a witness, and in allowing trial counsel for the co-defendant to make "bias innuendo" remarks regarding the petitioner in closing argument. The petitioner claims that these alleged acts and omissions of appellate counsel fell below the standard of reasonable competence required of criminal defense lawyers in the State of Connecticut, and but for these acts and omissions "it is reasonably probable that the result of the proceedings below would have been different in that the petitioner's appeal would have been granted."
The petitioner was arrested on April 15, 1995, after being extradited from Puerto Rico. He and a co-defendant, Angel Luis Oritz, were charged with various crimes in connection with the fatal shootings of a man and his wife on July 27 and 28, 1994. The petitioner and Ortiz were tried together and on February 13, 1997, after a jury trial, they were each found guilty of one count of capital felony in violation of General Statutes §§ 53a-54b (8) and 53a-8, two counts of capital felony in violation of §§ 53a-54b (5) and 53a-8; two counts of murder in violation of General Statutes §§ 53a-54a (a) and 53a-8; two counts of felony murder in violation of General Statutes § 53a-54c; one count of conspiracy to commit murder in violation of General Statutes §§53a-54a (a) and 53a-48 (a); two counts of kidnapping in the first degree in violation of General Statutes §§ 53a-92 (a)(2)(A), (B) and (C) and 53a-8; one count of robbery in the first degree in violation of General Statutes §§ 53a-134 (a)(4) and 53a-8; one count of conspiracy to commit kidnapping in the first degree in violation of §§ 53a-92 (a) (2)(A), (B) and (C) and 53a-48 (a); and conspiracy to commit robbery in the first degree in violation of §§ 53a-134 (a)(4) and 53a-48 (a). The trial court sentenced the petitioner to a total effective sentence of life imprisonment, without the possibility of release, plus forty years.
The Connecticut Supreme Court has articulated the standards applicable to the constitutional right of a criminal defendant to effective assistance of appellate counsel.
"We have adopted the two-part Strickland analysis in the context of a claim of ineffective assistance of CT Page 3015 appellate counsel. Sekou v. Warden, 216 Conn. 678, 690, 583 A.2d 1277 (1990); Valeriano v. Bronson, 209 Conn. 75, 83-84, 546 A.2d 1380 (1988). Thus, a habeas corpus petitioner seeking to establish such ineffectiveness must prove both deficient performance and prejudice resulting therefrom. Sekou v. Warden,
supra."
Bunkley v. Commissioner of Correction, Conn. 222, 455 (1992).
With respect to the prejudice prong of Strickland the court held:
 "We conclude that, in order for the petitioner to establish prejudice resulting from his appellate counsel's deficient performance, he must establish that, as a result of that performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal."
Bunkley v. Commissioner of Correction, supra.
The first claim of ineffective assistance alleges a violation of Rule 1.4 of the Rules of Professional Conduct. This is a matter to be considered by the Grievance Committee. In fact that specific complaint was made by the petitioner to the Grievance Committee, was heard on February 3, 2000, and subsequently dismissed.
The second claim of ineffective assistance alleges that Mr. Avitable failed to heed the advice of the petitioner in terms of witnesses and/or evidence that were exculpatory in nature. In view of the petitioner's claim in his "amendment of the amended petition" and in testimony at trial that Mr. Avitable has never met with or spoken to him, the court has difficulty in finding that Mr. Avitable failed to heed his advice. In any event, this claim would seem to concern matters that would arise during the criminal trial in which appellate I counsel was not involved.
The four claims made in the "amendment of the amended petition" are premised on the claim that appellate counsel failed to contact the petitioner before filing his brief, and had such contact occurred, the petitioner would have added "insight" to appellate issues, and the petitioner would have had appellate counsel "properly raise and argue" that the trial court committed error in the three ways above set forth.
At the habeas trial the petitioner called as his only witnesses Mr. Avitable and himself. The respondent Warden called no witnesses. CT Page 3016
Mr. Avitable conceded that he did not meet or talk to the petitioner prior to either filing his brief or the arguments in the Supreme Court. He testified that the appeal was taken shortly after the conviction on February 13, 1997: that Attorney Pamela Nagy was handling the appeals of both the petitioner and Ortiz; that in July, 1998 he was appointed to represent the petitioner because of a conflict in the dual representation; that he was under a deadline of November, 1998 to file his brief; that he had to review over 4000 pages of trial transcript plus several boxes of material supplied by the petitioner's trial counsel; that he had the benefit of Ms. Nagy's brief; and that he saw no significant reason why it was necessary for him to meet with the petitioner in connection with preparing a brief or arguments which dealt with legal issues based on the trial transcript and record. Mr. Avitable has had extensive experience in handling criminal appeals.
The petitioner, who does not speak English and testified through an interpreter, testified that he went to the seventh grade in Puerto Rico and has no legal training. Most of his testimony concerned his efforts to talk to Mr. Avitable and to obtain a copy of the appellate brief. He offered no evidence as to specifically what suggestions he would have made to Mr. Avitable in connection either with the preparation of his brief or the arguments before the Supreme Court. The three specific alleged trial court errors referred to in the "amendment of the amended petition" were all included in the seven claims made by Mr. Avitable in his appellate brief, were properly briefed, and were rejected by the Supreme Court in affirming the petitioner's conviction.
The court is of the opinion that Mr. Avitable's explanation of his conduct in handling this appeal was reasonable. The court finds that the petitioner has failed to prove either that appellate counsel's performance was deficient or that he has suffered any prejudice whatsoever.
The petition is dismissed.
William L. Hadden, Jr. Judge Trial Referee